Filed 6/30/14  Kalicki v. JPMorgan Chase Bank CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JAN KALICKI et al., | D063508 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2009-00059032-CU-WE-NC) |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

AlvaradoSmith, Ricardo D. Navarrette and John M. Sorich for Defendant and Appellant.

Ghods Law Firm, Mohammed K. Ghods, William A. Stahr and Ruben Escobedo III for Plaintiffs and Respondents.

Defendant JPMorgan Chase Bank, N.A. (Chase) appeals from an order granting Jan Kalicki's and Rosalind Jones Kalicki's (together the Kalickis) motion for attorney fees and costs.  Chase asserts the trial court abused its discretion by (1) failing to consider its

objections, (2) failing to assess the reasonableness of the requested fees, and (3) failing to evaluate the objective reasonableness of the fees requested based upon equitable factors. Chase requests that we reverse the order and remand the matter to the trial court to determine a reasonable attorney fee award. We reject Chase's contentions and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1998, the Kalickis obtained a residential loan (the loan) on real property located in San Marcos, California (the property). The loan was secured by a deed of trust encumbering the property. Headlands Mortgage Company was the originating lender and Washington Mutual Bank (WaMu) became the servicer of the Loan. In 2008, the Office of Thrift Supervision placed WaMu into receivership and appointed the Federal Deposit Insurance Corporation as receiver (FDIC). Chase later purchased from the FDIC "certain interests" of WaMu in the Kalickis' loan.

In 2009, the Kalickis sued WaMu alleging that WaMu wrongfully foreclosed on the property in 2008. In early 2010, the trial court granted Chase's motion to intervene in the lawsuit because it had purchased WaMu's assets and held the interests in the loan and property. The Kalickis later amended the complaint to add Chase as a defendant and dismissed WaMu from the action. After law and motion proceedings, the Kalickis filed an amended complaint asserting claims against Chase based upon Chase's conduct and WaMu's earlier conduct. The Kalickis alleged that Chase falsely claimed to be the assignee of the Kalickis' loan and recorded a false document fraudulently claiming ownership of certain assets.

2

In 2012, the FDIC moved to intervene arguing that the Kalickis' claims arising out of alleged misconduct that occurred prior to WaMu's closing (the WaMu Conduct Claims) had to be asserted against it in accordance with the mandatory administrative claims process set forth in U.S.C. § 1821(d). In April 2012, the trial court denied the FDIC's motion to intervene, but ruled that the Kalickis' claims were limited to the post-purchase action of Chase. The parties stipulated to resolve the Kalickis' remaining claims for quiet title and unfair business practices.

In September 2012, the trial court entered a judgment on the stipulation in favor of the Kalickis. The judgment stated that the Kalickis owned the property and quieted title in their favor. It also found that Chase had executed and recorded false documentation purporting to transfer ownership of the Kalickis' mortgage to Chase and that a Chase executive created a document in which Chase fraudulently represented that a prior assignment had been lost and that Chase owned the Kalickis' mortgage. The judgment voided the fraudulent documents and enjoined Chase from recording any false or misleading documents representing that it owned the Kalickis' mortgage.

Thereafter, the matter was transferred to another judge to hear the Kalickis' motion for an award of attorney fees and costs. The Kalickis' attorneys sought fees in the amount of $250,935 and costs of $30,408.70. They later increased their fee request based on the time spent responding to Chase's opposition, seeking a total fee award of $258,060. Chase opposed the motion, arguing (1) it was not liable for the Kalickis' fees as a nonsignatory to the subject contract, (2) the Kalickis did not prevail on the contract under Civil Code section 1717, (3) the Kalickis' claim for quiet title was not on the contract, and (4) even if

3

the Kalickis were entitled to fees, the fees should be reduced. (Undesignated statutory references are to the Civil Code.) Chase also filed a document entitled "Opposition and Objection to Declaration of Mohammed K. Ghods in Support of Plaintiffs' Motion for Attorney's Fees and Costs" (the Opposition and Objection). The Kalickis objected to the Opposition and Objection, asserting that Chase had submitted additional briefing without leave of the trial court in violation of Rule 3.1113 of the California Rules of Court. (Undesignated rule references are to the California Rules of Court.) In turn, the Kalickis filed a reply brief that exceeded the allowed page limits by one page.

The trial court issued a ruling that granted the motion and struck the excessive briefing. Namely, the court stated that it would not consider (1) pages 16-18 of Chase's opposition brief, (2) the Opposition and Objection, (3) page 11 of the Kalickis' reply brief, and (4) the Kalickis' response to the Opposition and Objection. At the hearing on the motion, Chase primarily argued that the Kalickis were not entitled to any fees under section 1717. Chase also requested that the trial court consider the arguments made in the Opposition and Objection. The trial court took the matter under submission. It later confirmed its tentative ruling and awarded the Kalickis "reasonable" attorney fees in the amount of $255,135, stating the amount awarded included fees for reviewing and replying to Chase's opposition briefs. Chase timely appealed.

DISCUSSION

I. *Standard of Review*

Section 1717 provides that reasonable attorney fees authorized by contract shall be awarded to the prevailing party as "'fixed by the court.'" In setting fees, a court generally

4

starts with the "lodestar," meaning number of hours reasonably expended multiplied by the reasonable hourly rate. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) It is the burden of the party opposing the fee award "to identify the particular charges it considers objectionable." (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 101 (*Gorman*).) "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*).)

Attorney fee awards should be "fully compensatory" and absent circumstances rendering the award unjust, parties who qualify for a fee should recover compensation for "*all* the hours *reasonably spent*" in litigating an action to a successful conclusion. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1133 (*Ketchum*).) We review an order granting attorney fees for abuse of discretion. (*PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at pp. 1094-1095.) The trial court is the best judge of the value of professional services rendered and its ruling will not be disturbed unless we are convinced that it is clearly wrong. (*Ketchum*, at p. 1132.) It is the trial court's role to examine the evidence and, in the absence of evidence to the contrary, we presume the trial court performed its duty. (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1324; Evid. Code, § 664.) A trial court is not required to issue a statement of decision for an attorney fee award. (*Gorman*, *supra*, 178 Cal.App.4th at p. 65.) While the absence of an

5

explanation for a ruling may make it more difficult for us to uphold it as reasonable, we will not presume error based on such an omission. (*Id.* at p. 67.)

## II. *Analysis*

As a preliminary matter, the trial court rejected Chase's arguments that (1) it was not liable for the Kalickis' fees as a nonsignatory to the subject contract, (2) the Kalickis did not prevail on the contract under section 1717, and (3) the Kalickis' claim for quiet title was not on the contract. Chase does not challenge these findings; rather, its sole contentions on appeal are that the trial court erred by failing to consider its Opposition and Objection, apply the lodestar methodology and consider equitable factors in assessing the reasonableness of the requested fees. We address each contention.

## A. Failure to Consider Chase's Opposition and Objection

A responding memorandum may not exceed 15 pages and a reply memorandum may not exceed 10 pages. (Rule 3.1113(d).) The page limit does not include exhibits, declarations, attachments, the table of contents, the table of authorities, or the proof of service. (*Ibid.*) The parties may file an ex parte application seeking permission to file a longer memorandum. (Rule 3.1113(e).) A memorandum that exceeds the page limits will be considered in the same manner as a late-filed paper (Rule 3.1113(g)), meaning the trial court has discretion to disregard the filing. (Rule 3.1300(d).)

Here, the trial court refused to consider briefing by either party exceeding the Rule 3.1113 page limits. For Chase, the court disregarded pages 16-18 of Chase's opposition brief which contained Chase's arguments that fees should be reduced on the ground the Kalickis obtained no monetary damages, did not obtain relief on the majority of their

6

claims, and were only entitled to reasonable fees that were not duplicative and associated with prosecuting Chase and no other entity. The trial court also disregarded the Opposition and Objection which contained Chase's arguments that the court should reduce the fee award because the Kalickis included impermissible charges, duplicate entries and block billing without delineation between tasks.

In its opening brief, Chase argued in its "summary of the appeal" and conclusion that the trial court abused its discretion when it failed to consider the Opposition and Objection. Chase did not argue that the trial court abused its discretion when it refused to consider pages 16-18 of Chase's opposition brief; thus, Chase forfeited this issue. (*Kelly v. CB&I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 452 ["point not raised in opening brief will not be considered"].) In the body of its argument, Chase asserted that the trial court "should have" considered the Opposition and Objection. In making its argument, however, Chase failed to cite any authority to support its assertion that the trial court abused its discretion when it rejected Chase's Opposition and Objection. Where, as here, an appellant raises a point "but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; Cal. Rules of Court, rule 8.204(a)(1)(B).)

In its reply brief, Chase again argued that the trial court should have considered its Opposition and Objection, noting for the first time that it properly set forth its evidentiary objections in a separate document and that the trial court "improperly constru[ed]" the document as additional memoranda of points and authorities. An appellant, however, cannot salvage a forfeited argument by belatedly addressing the argument in its reply

7

brief.  (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685.)  Nonetheless, in the interests of justice we exercise our discretion to consider Chase's argument on its merits and reject it.

Chase correctly argues that evidentiary objections are properly set forth in a separate document.  (*Schoendorf v. U.D. Registry, Inc.* (2002) 97 Cal.App.4th 227, 240, fn. 2.)  It thus reasons that the trial court erred in refusing to consider the Opposition and Objection because this document set forth its objections to certain billing entries of the Kalickis' counsel.  Chase tendered this argument to the trial court during the hearing of the motion, urging the court to take the matter under submission and consider the arguments contained in the Opposition and Objection.  At the hearing, the trial court rejected Chase's argument, stating that all parties needed to follow the rules regarding page limits and seek leave of court to exceed the page limits.  Although the trial court took the matter under submission, it impliedly rejected Chase's argument that the Opposition and Objection properly set forth evidentiary objections when it confirmed its tentative ruling.

Generally, the nature of a document is determined by its content, "'not by the label attached to it.  The law is not a mere game of words.'"  (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.)  Here, the Opposition and Objection contained a table of contents and table of authorities, items that are not needed to present evidentiary objections.  It also contained a statement of law and then argued that the attorney fees sought by the Kalickis were unreasonable, setting forth examples of billing entries that it considered unreasonable.  These are items associated with a memorandum, not an evidentiary objection.  (Rule 3.1113(b) ["The memorandum must contain a statement of

8

facts, a concise statement of the law, evidence and arguments relied on, and a discussion of the statutes, cases, and textbooks cited in support of the position advanced."].)  Because the Opposition and Objection was a continuation of Chase's opposition brief, and a device to avoid the page limitations of Rule 3.1113, the trial court did not abuse its discretion when it refused to consider the Opposition and Objection.  As an aside, however, we do not encourage a trial court's reliance on the Rules of Court to avoid addressing substantive legal issues of significant importance.

B.  Failure to Assess Reasonableness of the Requested Fees

Chase contends that the attorney fee award was unreasonable and we should remand the matter to the trial court to determine a reasonable award.  Specifically, it argues the trial court abused its discretion by (1) not utilizing the lodestar method and failing to explain the methodology used to establish the award, and (2) failing to consider equitable factors.

We reject Chase's first contention.  As a threshold matter, Chase forfeited this claim because it never requested that the trial court explain the factual and legal basis for the amount of its award.  (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11 [a reviewing court ordinarily does not consider claims made for the first time on appeal which were not presented to the trial court].)  In any event, the trial court was not required to explain its decision, or even expressly acknowledge the lodestar amount.  (*Ketchum*, *supra*, 24 Cal.4th at p. 1140; *Gorman*, *supra*, 178 Cal.App.4th at p. 67.)  Moreover, the record supports a reasonable inference that the trial court utilized the lodestar method because the Kalickis did so in their motion seeking to recover their fees.

9

The trial court's ruling referenced the declaration of the Kalickis' counsel and attached billing records. The declaration included a chart listing the billing rate and hours worked by each attorney. The Kalickis initially sought a total of $250,935 in fees and then requested an additional $7,125 to compensate them for time spent in preparing the reply. The trial court ultimately awarded $255,135 in fees or $2,925 less than what was requested. Thus, we infer the trial court concluded that virtually all of the fees incurred by the Kalickis were "*reasonably spent*" in litigating this action to a successful conclusion. (*Ketchum*, *supra*, 24 Cal.4th at p. 1133.)

Chase erroneously relies on *Ramos v. Countrywide Home Loans, Inc.* (2000) 82 Cal.App.4th 615 (*Ramos*) for the proposition that when considering an attorney fee motion, the trial court must explain the methodology used to establish the fee award. In *Ramos*, the trial court established the lodestar award of attorney fees and then applied a multiplier in the amount of 2.5 to calculate the final attorney fee award, stating that use of a multiplier was justified by " 'the risks undertaken, the complexity of the issues, the skill displayed, the preclusion of other employment and the public interests served.'" (*Ramos*, at p. 620, italics deleted.) Another panel from this court reversed the award and remanded the matter for further proceedings because it appeared that the trial court improperly considered the same factors twice in determining the lodestar amount and in setting the multiplier. (*Id.* at p. 626.) On this record, we concluded that "[i]f the trial court's lodestar calculation already reflected such factors, its order does not adequately reveal its reasoning for a further enhancement on this account. More detailed findings are essential to permit meaningful review of the award." (*Ibid.*) The *Ramos* case is inapposite because

10

the trial court here did not enhance the fee award by using a multiplier; thus, there was no chance that it improperly considered the same factors twice when setting the lodestar amount.

Chase next contends the trial court improperly failed to assess the reasonableness of the requested fees, including evaluating the objective reasonableness of the fees requested based upon equitable factors. Although Chase made these arguments below, the trial court never addressed them because they were contained in the Opposition and Objection and that portion of its opposition brief that was *not* considered by the trial court. As explained above, Chase has not shown that the trial court abused its discretion in refusing to consider these arguments. (*Ante*, part II.A.) "'Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.'" (*Newton v. Clemons*, *supra*, 110 Cal.App.4th at p. 11.) Because the trial court properly refused to address these arguments, we decline to consider them for the first time on appeal.

To avoid this inevitable result, Chase asserts that the trial court had an "independent duty" to evaluate the reasonableness of the Kalickis' attorney fee request even if it had not opposed the Kalickis' attorney fee motion. We disagree.

As the party opposing the fee award, Chase had the burden of identifying the charges it considered objectionable with argument and citations to evidence. (*Gorman*, *supra*, 178 Cal.App.4th at p. 101; *Premier Medical*, *supra*, 163 Cal.App.4th at p. 564.) Our independent research has revealed no authority to support Chase's contention that absent a challenge, a trial court has an independent duty to evaluate the reasonableness of an attorney fee request. Chase's reliance on *Consumer Privacy Cases* (2009) 175

11

Cal.App.4th 545, 555 and *Garabedian v. Los Angeles Cellular Telephone Co.* (2004) 118 Cal.App.4th 123 is misplaced. These cases pertain to class action lawsuits and describe the obligation of a trial court to independently determine the reasonableness of an attorney fee award contained in a class action settlement agreement. (*Consumer Privacy Cases*, at pp. 555-556; *Garabedian*, at pp. 128-129.) As one court explained, "[t]he evil feared in some settlements—unscrupulous attorneys negotiating large attorney's fees at the expense of an inadequate settlement for the client—can best be met by a careful district judge, sensitive to the problem, properly evaluating the adequacy of the settlement for the class and determining and setting a reasonable attorney's fee . . . ." (*Parker v. Anderson* (5th Cir. 1982) 667 F.2d 1204, 1214.)

In any event, in the interest of justice, we reviewed Chase's forfeited arguments and the arguments of the Kalickis' below regarding the reasonableness of the requested fees. Chase argued that the trial court did not consider that the Kalickis failed on over 60 percent of its claims and insisted on pursuing the WaMu Conduct Claims against Chase. Chase's arguments are misleading. The judgment against Chase established that Chase created false documents purporting to give it an ownership interest in the Kalickis' loan and deed of trust. Accordingly, when Chase purchased WaMu, the Kalickis' claims against WaMu became intertwined with Chase. Although the WaMu Conduct Claims were ultimately dismissed, this did not occur until after Chase admitted it did not hold an ownership interest in the loan and deed of trust.

Chase also argued that the Kalickis improperly sought prelitigation fees relating to a motion for relief from a bankruptcy stay and fees related to nonparties E*TRADE and

12

FDIC.  The Kalickis' counsel explained that tasks related to the bankruptcy case were necessary to defend against Chase's attempts to obtain leave from the bankruptcy court to foreclose on the Kalickis' home.  The Kalickis researched and drafted claims against E*TRADE based on Chase's representations that this entity owned the loan.  Additionally, the Kalickis' counsel stated that Chase brought the FDIC into this action and that the FDIC threatened to remove the action to federal court, prompting substantial research regarding the law governing the FDIC and analysis to determine the proper course of action and protect the Kalickis' interests.  The trial court could have impliedly concluded that this work was reasonable and necessary.

Finally, Chase asserted that a significant amount of the fees should have been excluded because they were duplicative, excessive and block billed.  We reject Chase's sweeping contention that "[t]he block billed entries should have been stricken."  Block billing is not objectionable "'per se'"; rather, it increases the risk that a trial court will exercise its discretion to discount a fee request and is problematic in cases where there is a need to separate out work that qualifies for compensation from work that does not. (*Jaramillo v. County of Orange* (2011) 200 Cal.App.4th 811, 830.)  The Kalickis' counsel explained that his longtime clients never objected to block billing and all work was undertaken to protect his client's interests; thus, all work was potentially compensable. Additionally, Chase's complaint that the Kalickis had multiple attorneys working on the same tasks rings hollow given the statement of the Kalickis' counsel that "Chase had at least four attorneys involved" and it was "not unusual to have several attorneys work on more complicated cases such as this one."

13

DISPOSITION

The order is affirmed.  Respondents are to recover their costs of appeal.


McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.